UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEVAG CHALIAN, ET AL., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CVS PHARMACY, INC, ET AL., <br><br> Defendants-Appellees, <br><br> v. <br><br> RYAN HYAMS; REGINE DUHON, Proposed Intervenors, <br><br> Movants-Appellants. | No.  20-55916 <br><br> D.C. No. <br> 2:16-cv-08979-AB-AGR <br> Central District of California, <br> Los Angeles |
| SEVAG CHALIAN, ET AL., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> TRENT ANDREWS, ET AL., Objectors-Appellants, <br><br> v. <br><br> CVS PHARMACY, INC, ET AL., <br><br> Defendants-Appellees. | No.  21-55817 <br><br> D.C. No. <br> 2:16-cv-08979-AB-AGR |

**SUPPLEMENTAL BRIEF OF DEFENDANTS - APPELLEES
CVS PHARMACY, INC., CVS RX SERVICES, INC., AND
GARFIELD BEACH CVS, LLC**

| | |
|---|---|
| James N. Boudreau (SBN PA 77891) <br> Christiana Signs (SBN PA 317851) <br> GREENBERG TRAURIG, LLP <br> 1717 Arch Street, Suite 400 <br> Philadelphia, PA  19103 <br> Telephone: 215.988.7800 <br> Facsimile: 215.717.5232 <br> boudreauj@gtlaw.com <br> signsc@gtlaw.com | Tyler R. Andrews (SBN CA 250686) <br> GREENBERG TRAURIG, LLP <br> 18565 Jamboree Road, Suite 500 <br> Irvine, California 92612 <br> Telephone: 949.732.6500 <br> Facsimile: 949.732.6501 <br> andrewst@gtlaw.com |

*Counsel for Defendants - Appellees*

# **TABLE OF CONTENTS**

I. *Turrieta* Establishes the District Court Correctly Denied the Hyams Plaintiffs' Motion to Intervene.................................................................................................1

    A. The Hyams Plaintiffs Have No Right to Intervene. ................................1

        1. *Turrieta* Forecloses the Hyams Plaintiffs' Ability to Prove a Significantly Protectible Interest and that Disposition of the Matter Would Impair or Impede Their Ability to Protect That Interest (Elements 1 and 2).........................................................................2

        2. *Turrieta* Supports Ninth Circuit Precedent Showing Any Interest the Hyams Plaintiffs Have Is Already Adequately Represented (Element 3). ...................................................................................7

        3. *Turrieta* Bolsters the District Court's Findings that the Hyams Plaintiffs Failed to Show Their Proposed Intervention Was Timely (Element 4)........................................................................9

    B. *Turrietta* Also Supports Denial of Permissive Intervention...................10

II. *Turrieta* Proves Hyams Lacks the Right to Appeal. .........................................11

III. Conclusion......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Callahan v. Brookdale Senior Living Communities, Inc.*,
    42 F.4th 1013 (9th Cir. 2022) ............................................................... 3, 7, 8, 11

*Harvey v. Morgan Stanley Smith Barney LLC*,
    No. 19-16955, 2022 WL 3359174 (9th Cir. Aug. 15, 2022) ................ 4, 8, 12, 13

*Orange Cty. v. Air Cal.*,
    799 F.2d 535 (9th Cir. 1986) .............................................................................. 9

*Perry v. Proposition 8 Off. Proponents*,
    587 F.3d 947 (9th Cir. 2009) ............................................................................. 1

*Saucillo v. Peck*,
    25 F.4th 1118 (9th Cir. 2022) ...................................................................... 11, 12

*Turrieta v. Lyft, Inc.*,
    552 P.3d 835, 2024 WL 3611975 (Cal. Aug. 1, 2024) ............................. *passim*

**Statutes**

California Labor Code .............................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 24 ..................................................................................................... 1

Pursuant to this Court's Aug. 6, 2024 Order, Appellees CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("CVS") file this supplemental brief explaining the impact of the California Supreme Court's decision in *Turrieta v. Lyft, Inc.*, 552 P.3d 835, 2024 WL 3611975 (Cal. Aug. 1, 2024), on Appeal Nos. 20-55916 and 21-55817.

## I. *TURRIETA* ESTABLISHES THE DISTRICT COURT CORRECTLY DENIED THE HYAMS PLAINTIFFS' MOTION TO INTERVENE.

Ryan Hyams and Regine Duhon (the "Hyams Plaintiffs") moved for both mandatory and permissive intervention in the case below. Fed. R. Civ. P. 24(a) and (b). The District Court denied their motion, and the Hyams Plaintiffs appealed. This Court vacated submission of the appeal pending the California Supreme Court's decision in *Turrieta*, which has now issued, and which establishes the District Court correctly denied the motion to intervene.

### A. The Hyams Plaintiffs Have No Right to Intervene.

Fed. R. Civ. P. 24(a) governs mandatory intervention and entitles a non-party to intervene as of right only if he shows four conjunctive elements: (1) he has a "significantly protectable interest relating to the property or transaction that is the subject of the action," (2) disposition of the action may "as a practical matter impair or impede" his ability to protect that interest, (3) his interest is "inadequately represented by the parties to the action," and (4) his motion is timely. *Perry v.*

1

*Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). *Turrieta* demonstrates the Hyams Plaintiffs fail every part of this conjunctive test.

> 1. *Turrieta* Forecloses the Hyams Plaintiffs' Ability to Prove a Significantly Protectible Interest and that Disposition of the Matter Would Impair or Impede Their Ability to Protect That Interest (Elements 1 and 2).

The Hyams Plaintiffs moved to intervene in their alleged capacities as proxies of the State of California, arguing that, because California is always the real party in interest in a PAGA action, they, as the State's proxies, have a sufficiently significant protectible interest. They assert the 2020 *Chalian* settlement impairs their ability to protect *that interest* because the settlement "cut off a substantial portion of" the PAGA claim the Hyams Plaintiffs brought in their own action. Appeal No. 20-55916, SER-0196-200.

The District Court rightly disagreed. It reasoned the Hyams Plaintiffs had no "protectible interest in the PAGA claims because an aggrieved employee can pursue those claims only as a proxy for the state." Moreover, to the extent the Hyams Plaintiffs have their own separate interest, that interest is "contingent" and not "direct [or] proprietary," and thus neither significant nor protectible. Appeal No. 20-55916, ER-00004-5.

On appeal, the Hyams Plaintiffs hold firm, insisting they have a right to intervene as to all the PAGA claims simply because they too have alleged those claims on the State's behalf. Appeal No. 20-55916, Dkt. 25, pp. 51-54. The

2

settlement allegedly impairs their ability to protect this interest because it allegedly releases the PAGA claims "for virtually no consideration." *Id.* at 54-55.

*Turrieta* renders this argument a loser. To explain, after briefing closed in this appeal (but before the California Supreme Court decided *Turrieta*), this Court decided *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022). In *Callahan*, two former employees brought separate claims as stand-ins for the State for civil penalties under PAGA against their same former employer. *Id.* at 1017. One employee settled, and the other moved to intervene. The district court denied the motion to intervene, and the movant appealed. *Id.* This Court *assumed without deciding* the movant had an interest in PAGA penalties "sufficient to satisfy" the first two elements of mandatory intervention, *i.e.*, a significantly protectible interest, and that resolution of the action would impair his ability to protect it. *Id.* at 1020.[1] **In *Turrieta*, however, the California Supreme Court put "[a]ny such assumption" to bed, deeming it "in conflict" with the California Supreme Court's analysis and conclusions on the issue.** *Turrieta v. Lyft, Inc.*, 552 P.3d 835, 2024 WL 3611975, at *21, n.27 (Cal. Aug. 1, 2024).

---

[1] This assumption did not ultimately matter in *Callahan*, because the *Callahan* Court affirmed the denial of the motion to intervene on other grounds (that the movant failed to show the third mandatory intervention element, that the parties to the action could not adequately represent the alleged interests at stake).

3

By way of background, the federal and California rules governing mandatory intervention share the first two elements: that to intervene as of right, the movant must have "an interest relating to the property or transaction that is the subject of the action" and be "so situated that the disposition of the action may impair or impede [his] ability to protect that interest."[2] *Turrieta*, 2024 WL 3611975, at *6. Like the Hyams Plaintiffs, the proposed intervenor in *Turrieta* claimed he satisfied these requirements because he alleged PAGA claims on the State's behalf. *Id.* The California Supreme Court rejected this argument. After extensive review of PAGA's statutory language and scheme, it concluded PAGA does not give a proposed intervenor an interest in a competing PAGA claimant's action that will be impaired or impeded absent intervention. *Id.* at *18.

Given this interpretation of PAGA from the state's highest court, there can be no doubt that, in federal court, too, competing PAGA claimants (like the Hyams Plaintiffs) lack an interest sufficient to satisfy the first two elements of intervention as of right. *See also Harvey v. Morgan Stanley Smith Barney LLC*, No. 19-16955, 2022 WL 3359174, at *2 (9th Cir. Aug. 15, 2022) (holding competing PAGA claimants who wanted to intervene lacked "significant legally protectable interest"). There is thus no doubt the District Court rightly decided the Hyams Plaintiffs lack a

---

[2] They also overlap on the third element regarding whether the movant's interests will be adequately represented, discussed in the next section.

4

significantly protectable interest that would be impaired or impeded absent intervention.

The Hyams Plaintiffs will surely insist *Turrieta* is distinguishable. They will claim it does not address their principal argument on appeal: that the *Chalian* claimants had no authority to settle three specific claims for civil penalties under PAGA. PAGA requires claimants to give the LWDA notice of their claims before filing in court, and the Hyams Plaintiffs argue the *Chalian* claimants failed to provide this allegedly required notice with respect to claims CVS violated Labor Code sections governing: (1) sick day notice; (2) one day's rest in seven; and (3) pharmacy maximum work hours. According to the Hyams Plaintiffs, the *Chalian* claimants did not cite these Labor Code sections, "or describe conduct by CVS suggesting it had violated them," in any PAGA notice submitted to the LWDA.[3] As a result, they assert the *Chalian* claimants have no authority to recover civil penalties

---

[3] In actuality, the *Chalian* claimants did give the LWDA notice of a PAGA claim for civil penalties arising out of alleged violations of the sick-days-notice, rest-day, and pharmacy-maximum-work statutes. The consolidated amended complaint effectuating the settlement expressly cited those statutes in its PAGA claim, and the *Chalian* claimants submitted the consolidated amended complaint to the LWDA when they submitted notice of the settlement. Appeal No. 21-55817, ER-00090 at ¶ 25, ER-247-49. The *Chalian* claimants also gave the LWDA notice of the CVS conduct that allegedly violated these statutes, not only in connection with the settlement, but long before—in their multiple PAGA notices alleging CVS policies and practices required pharmacists and pharmacy employees to work off-the-clock, including to complete required training and to meet the needs of the pharmacy. *See* June 22, 2017 and Aug. 22, 2017 PAGA Letters, 4-ER-00615-21; June 25, 2018 PAGA Letter, SER-0260-67; March 7, 2019 PAGA Letter, SER-0207.

on behalf of the State with respect to these three "Hyams-only" claims. Appeal No. 20-55916, Dkt. 25, pp. 46-51. And with no right to recover said civil penalties, they reason the *Chalian* claimants could not settle the claims either.

The proposed intervenor in *Turrieta* made this identical argument but the California Supreme Court declined to address it head on. *Id.* at *6, n.7. Nevertheless, *Turrieta*'s reasoning undermines the Hyams Plaintiffs' position on this issue.

The Hyams Plaintiffs argue that even if multiple PAGA claimants provide the LWDA with notice of the same alleged facts—here, CVS policies and practices allegedly required employees to work off-the-clock—whoever alleges the specific statutory violation resulting from these facts first-in-time has a monopoly on any and all claims for civil penalties attributable to those statutory violations. As the *Turrieta* court recognized, however, PAGA's statutory text does not support such a proposition. *See Turrieta v. Lyft, Inc.*, 552 P.3d 835,, 2024 WL 3611975, at *5 (Cal. Aug. 1, 2024). Although the statute expressly precludes an employee from bringing a PAGA action if the LWDA has already cited a company for the same violation on the same facts and theories, the statute is silent about whether an employee can bring a PAGA action if *another employee* has already sued the company for the same violation on the same facts and theories. *Id.* at *5, n.4. So, given the statutory text and scheme, *Turrieta* assumed PAGA permits aggrieved employees to litigate

6

simultaneously overlapping PAGA actions. *Id.* at *5; *see also id.* at *10 ("The authority to *prosecute* a PAGA action is necessarily implied") (emphasis in original).

In short, therefore, *Turrieta* confirms first-in-time does not matter. When multiple aggrieved employees simultaneously claim Labor Code violations on the same facts and theories, it does not matter who claims first. Thus, *Turrieta* rejects both arguments the Hyams Plaintiffs make as to how they satisfy the first two requirements for intervention as of right. Being proxies of the State does not provide the Hyams Plaintiffs with a significantly protectible interest of their own, and nothing in PAGA's text or statutory scheme supports their argument that they are the only employees "deputized" to pursue the three "Hyams-only" claims to which they cling.

### 2. *Turrieta* Supports Ninth Circuit Precedent Showing Any Interest the Hyams Plaintiffs Have Is Already Adequately Represented (Element 3).

*Turrieta* also bolsters this Court's holding in *Callahan* that a proposed intervenor cannot establish the third element of mandatory intervention—that their interests will not be adequately represented absent intervention because "the PAGA settlement amount is too small." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1021 (9th Cir. 2022). Like the third mandatory intervention element under federal law, California law holds mandatory intervention is unwarranted where the proposed intervenor's "interest is adequately represented by

7

one or more of the existing parties." *Turrieta v. Lyft, Inc.*, 552 P.3d 835, 2024 WL 3611975, at \*6 (Cal. Aug. 1, 2024). As a result, much of the *Turrieta* analysis focuses on whether the State is adequately represented in the context of a PAGA settlement even absent intervention by competing PAGA claimants.

Considering the statute explicitly requires the trial court and the LWDA to review a proposed PAGA settlement, *Turrieta* found it "notable" and "conspicuous" that PAGA does not provide for "the involvement of, or even notice to," competing PAGA claimants. *Id.* at 11. *Turrieta* gleaned from this absence that the California Legislature believes review by the trial court and the LWDA alone is adequate. *Id.* This discussion aligns with *Callahan*'s holding that a competing PAGA claimant's "assertion that she would not have agreed to the settlement" herself falls short of showing the settling PAGA claimants "did not adequately represent her interests." 42 F.4th 1013, 1021.

The Hyams Plaintiffs' only argument that the *Chalian* claimants did not adequately represent their interests is that the *Chalian* claimants released the PAGA claims at issue for too little. *See* Appeal No. 20-55916, Dkt. 25, pp. 54-55. But *Callahan* and *Turrieta* together make clear the District Court properly rejected this argument. As a result, this Court must affirm the District Court's ruling that the Hyams Plaintiffs are not entitled to mandatory intervention. *See also Harvey v. Morgan Stanley Smith Barney LLC*, No. 19-16955, 2022 WL 3359174, at \*2 (9th

Cir. Aug. 15, 2022) (holding proposed intervenors failed to demonstrate inadequacy of representation) (citing *Callahan*).

> 3. *Turrieta* Bolsters the District Court's Findings that the Hyams Plaintiffs Failed to Show Their Proposed Intervention Was Timely (Element 4).

As previously noted, there are three factors relevant to determining whether a proposed intervention is timely, with prejudice to the existing parties being the most important. *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537, 552 (9th Cir. 1986). Here, the District Court found the Hyams Plaintiffs' proposed intervention too late because allowing it would have unduly prejudiced the existing parties; it "would import into this case nearly every conceivable wage and hour claim that could be brought by all of Defendants' non-exempt employees in all of their disparate operations in the state—including not only those who work in pharmacies . . . but also those who work in the retail areas of Defendants' stores, warehouses, corporate offices, and all the rest of Defendants' operations." ER-0006. Such would "derail the settlement" and delay the resolution of this case. *Id.*

*Turrieta* picks up on these practicalities and expands on them, explaining how allowing a competing PAGA claimant to intervene raises more issues than it streamlines:

> such intervention would 'create[] a situation where' a single 'real party in interest' — the state — is represented in a single action by multiple proxies or agents with multiple 'sets of lawyers,' all 'purporting to advocate for

9

> the same client' and pursuing the state's single claim for civil penalties based on the same Labor Code violations . . . . The various 'proxies may, at some point, have differing views on how to proceed.' Where such differing views exist, several questions would arise: Which plaintiff controls and directs the litigation and the settlement process? Do all plaintiffs have equal authority? May any one of them unilaterally settle the claims on the state's behalf without agreement of, or in the face of affirmative opposition from, other proxies? If there is a successful resolution of the state's claim, may all of them recover attorney's fees and costs . . . ?

*Turrieta v. Lyft, Inc.*, 552 P.3d 835, 2024 WL 3611975, at *15 (Cal. Aug. 1, 2024). Like the lower court in *Turrieta*, the District Court below "would have faced precisely these questions had it granted" the motion to intervene, and PAGA "offers no guidance" on them. *Id.* In short, *Turrieta* supports the District Court's conclusion that intervention would have prejudiced the existing parties "[t]o a certainty," Appeal No. 20-55916, ER-0006, and thus bolsters the denial of the Hyams Plaintiffs' motion to intervene as of right on timeliness grounds. This Court should thus affirm the District Court's finding that mandatory intervention was unwarranted.

  **B.**  ***Turrietta* Also Supports Denial of Permissive Intervention.**

  CVS argued on appeal that the District Court did not abuse its discretion in denying the Hyams Plaintiffs permissive intervention. Conveniently, *Turrieta* also reveals this argument to be correct. Discretionary factors a district court can consider include "whether the intervenors' interests are adequately represented by other parties" and "whether intervention will prolong or unduly delay the litigation."

10

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022). As discussed above, *Turrieta* supports a finding that the Hyams Plaintiffs' interests are adequately represented and permitting them to intervene would have unduly delayed the litigation.

*Turrieta* also touches on a third discretionary permissive intervention factor, "whether the parties seeking to intervene will significantly contribute to . . . the just and equitable adjudication of the legal questions presented." *See Callahan*, 42 F.4th 1013, 1022 (identifying factors). *Turrieta* explains competing PAGA claimants can contribute to the trial court's and LWDA's scrutiny of a settlement without intervening. For example, they can advance arguments and evidence "informally," which courts may consider at their discretion. *Turrieta*, 2024 WL 3611975, *19. This is precisely what happened here. The District Court observed the Hyams Plaintiffs could object to the PAGA settlement, ER-0006, and object they did. The District Court was well within its discretion in limiting the Hyams Plaintiffs to advancing their arguments through these "less disruptive" means. Appeal No. 20-55916, ER-0006.

## II. *TURRIETA* PROVES HYAMS LACKS THE RIGHT TO APPEAL.

In *Saucillo v. Peck*, 25 F.4th 1118, 1128 (9th Cir. 2022), this Court held that a competing PAGA claimant does not have the right to appeal the fairness of *another*

PAGA claimant's settlement of overlapping claims. *Peck* left open two potential avenues for a competing PAGA claimant to appeal but *Turrieta* closes both.

First, *Peck* does not address whether a competing PAGA claimant could appeal if he timely moved to intervene, raised objections to the PAGA settlement in so doing, and then pursued those objections on appeal. *Id.* at 1128. With this door arguably left open, Hyams argues that because he moved to intervene, "[i]f the Court agrees that Hyams should have been allowed to intervene, Hyams would be considered a party entitled to appeal." Appeal No. 21-55817, Dkt. 57, 12. But, as discussed above, *Turrieta* forecloses any finding the District Court erred in refusing to let Hyams intervene. So, Hyams is a non-party in every sense and per *Peck*, this means Hyams lacks a right to appeal. *See also Harvey v. Morgan Stanley Smith Barney LLC*, No. 19-16955, 2022 WL 3359174, at *3 (9th Cir. Aug. 15, 2022) (holding party lacked right to appeal upon affirming district court's denial of motion to intervene as of right, citing *Peck*).

Second, *Peck* left open the possibility that a non-party who otherwise lacks the right to appeal may be allowed to appeal in "exceptional" circumstances. Seeking to squeeze within this "exception," Hyams argues "he is the only deputy designated to represent the State's interest for the sick-days-notice, rest-days, and pharmacy-maximum-work claims" and that this allegation somehow creates an exceptional circumstance that warrants shirking the usual rule against appeals by non-parties.

12

Appeal No. 21-55817, Dkt. 57, p. 13. Again, however, as discussed above, *Turrieta* rejects Hyams' "me-and-only-me" argument. As the California Supreme Court explained, unlike other *qui tam* statutes, PAGA does not provide "that once a private person files an action, no other private person may do so based on the same underlying facts." *Turrieta v. Lyft, Inc.*, 552 P.3d 835, 2024 WL 3611975, at *16 (Cal. Aug. 1, 2024). Nor does it provide that once one person files, no one else can file for the same alleged statutory violations arising from those same facts. Rather, as *Turrieta* describes, PAGA's text suggests multiple overlapping claims are permitted. *See id.* at *5.

Moreover, Hyams' arguments are not unique much less "exceptional." As *Turrieta* recognizes, multiple overlapping PAGA actions have become "a common scenario." *Id.* at *1. The argument from non-settling PAGA claimants that they are the only ones deputized to pursue certain PAGA claims is similarly widespread, appearing in this case, *Turrieta*, and others, like *Harvey*. So, Hyams' arguments do not warrant anything exceptional. *See also Harvey v. Morgan Stanley Smith Barney LLC,* No. 19-16955, 2022 WL 3359174, at *3 (9th Cir. Aug. 15, 2022) (finding "equities do not weigh in favor" of applying exception, citing *Peck* and its observation that "any preclusive effect resulting from a PAGA judgment 'extends only to an employee's ability to seek civil penalties under PAGA,' and aggrieved

13

employees 'retain all rights to pursue or recover other remedies available under state or federal law'").

## III. CONCLUSION.

For all the above reasons, *Turrieta* reveals the District Court properly denied the motion to intervene and correctly approved settlement below, and this Court should affirm.

Respectfully Submitted,

DATED: August 28, 2024

/s/ *James N. Boudreau*
James N. Boudreau (SBN PA 77891)
Christiana L. Signs (SBN PA 317851)
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Tyler R. Andrews (SBN CA 250686)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
andrewst@gtlaw.com

*Attorneys for Defendants – Appellees CVS Pharmacy, Inc., CVS Rx Services, Inc., Garfield Beach CVS, LLC, and Does 1 through* 100