**No. 20-55916 (related to No. 21-55817)**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Chalian et al.,
*Plaintiffs-Appellees,*

v.

CVS Pharmacy, Inc. et. al.,
*Defendants-Appellees,*

v.

Ryan Hyams et al.,
*Movants-Appellants.*

On Appeal from the United States District Court
for the Central District of California
No. 16-CV-08979; Hon. André Birotte, Jr.

## APPELLANTS' SUPPLEMENTAL BRIEF

Jocelyn Sperling
Law Office of Jocelyn Sperling
2342 Shattuck Avenue, Suite 121
Berkeley, CA 94704
Phone: 510.629.6517
Email: jocelyn@jsperlinglaw.com

Beth Gunn
Catherine Coble
Gunn Coble LLP
3555 Casitas Avenue
Los Angeles, CA 90039
Phone: 818.900.0695
Email: beth@gunncoble.com
Email: cathy@gunncoble.com

(*Additional Counsel Listed on Next Page*)

Jennifer Kramer
Hennig Kramer LLP
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Phone: 213.310.8301
Email: jennifer@employmentattorneyla.com

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................... 1

ARGUMENT .................................................................................................. 2

   A.   An Overview of *Turrieta* and the Scope of the Decision ........................ 2

   B.   *Turrieta* Does Not Impact Intervention Where, as Here, the Proposed Intervenor Has the Power to Prosecute Claims that the Non-Deputized Plaintiff Lacks Power to Prosecute ........................ 4

   C.   *Turrieta* Does Not Impact Hyams's Objections to the Settlement and Right to Appeal the PAGA Settlement .......................................... 12

CONCLUSION ............................................................................................. 14

# **TABLE OF AUTHORITIES**

## Cases

*Callahan v. Brookdale Senior Living Communities, Inc.*,
  42 F.4th 1013 (9th Cir. 2022) .............................................................. 6

*Saucillo v. Peck*, 25 F.4th 1118 (9th Cir. 2022) ....................................... 14

*Turrieta v. Lyft, Inc.*, — P.3d —, 2024 WL 3611975
  (Cal. Aug. 1, 2024) ..................................................................... *passim*

*Uribe v. Crown Building Maintenance Co.*, 70 Cal.App.5th 986
  (Ct. App. 2021) ............................................................................ 7, 8

*Williams v. Superior Court*, 3 Cal. 5th 531, 545 (2017) ........................... 7

## Statutes

Cal. Lab. Code § 2699.3(a)(1)(A) .................................................... 7, 9, 10

Cal. Lab. Code § 246(i) .............................................................................. 9

Cal. Lab. Code § 246.5 ............................................................................... 9

Cal. Lab. Code § 551 .................................................................................. 9

Cal. Lab. Code § 552 .................................................................................. 9

Cal. Lab. Code § 850 ........................................................................ 9, 10, 11

Cal. Lab. Code § 851 ........................................................................ 9, 10, 11

Cal. Lab. Code § 855 ................................................................................ 11

# INTRODUCTION

Appellants file this supplemental brief in response to the Court's order directing the parties to "explain[] the impact, if any, of the California Supreme Court's decision in *Turrieta v. Lyft, Inc.*, — P.3d —, 2024 WL 3611975 (Cal. Aug. 1, 2024), on this case." No. 20-55916, Dkt. 103.

*Turrieta* addressed whether a plaintiff who files an action under California's Private Attorneys General Act ("PAGA") has the right to intervene in another PAGA action, object to the settlement in that action, or move to vacate the judgment when both actions involve the same claims. It did not address the situation here: where the person who moves to intervene, objects, or moves to vacate is the only PAGA plaintiff deputized by the State to prosecute certain claims.

As explained below, *Turrieta* does not impact the analysis in this case because appellant Ryan Hyams is the only PAGA plaintiff deputized to prosecute the sick-days-notice, rest-day, and pharmacy-maximum-work claims. *Turrieta* also has no impact on appellants'

1

challenges to the class action settlement, as it did not address class actions.[1]

## ARGUMENT

A.  An Overview of *Turrieta* and the Scope of the Decision

In *Turrieta*, plaintiff Tina Turrieta and proposed intervenor Brandon Olson filed separate PAGA actions "seeking recovery of civil penalties from the same employer for the same alleged Labor Code violations." 2024 WL 3611975, at *1. Olson (and another person) moved to intervene in Turrieta's action and objected to the settlement. *Id*. The trial court denied intervention, approved the settlement, and denied the motion to vacate the judgment. *Id*. The California Court of Appeal and California Supreme Court affirmed. *Id*.

---

[1] Hyams notes that the California Supreme Court granted his petition for review in a similar state case and deferred further action pending *Turrieta*. *Morales v. Garfield Beach CVS, LLC*, No. B312212, 2024 WL 356877 (Cal. Ct. App. Jan. 31, 2024), *review granted*, No. S284011 (May 1, 2024). He asked the court to grant review to address two questions at issue here: whether PAGA plaintiffs may settle claims not specified in their pre-filing notices, and whether PAGA authorizes separate penalties ("stacking") for each California Labor Code violation alleged. The court has not yet indicated whether it will review those questions. Hyams will inform this Court when the order is filed.

2

The supreme court concluded that "the authority Olson seeks in this case—to intervene in the ongoing PAGA action of another plaintiff asserting overlapping claims, to require a court to consider objections to a proposed settlement in that overlapping action, and to move to vacate the judgment in that action—would be inconsistent with the scheme the Legislature enacted." *Id.* at *1.

Throughout its opinion, the court repeatedly emphasized that it was addressing PAGA actions with "overlapping" claims—that is, "identical" or "the same" claims. *Id.* at *1, *11, *15. It explained that Turrieta and Olson were both "duly deputized to prosecute the *same claims* on the state's behalf." *Id.* at *11 (emphasis added); *see also, e.g., id.* at *1 (explaining that the case involved plaintiffs who were seeking PAGA penalties in different actions "for the same alleged Labor Code violations"); *id.* at *15 (addressing intervention in a PAGA action by a plaintiff who is prosecuting "identical claims" in another action). It is under these circumstances—where PAGA plaintiffs in different actions both have the power to prosecute the same claims—that the California Supreme Court reached its conclusion.

3

This case, in contrast, involves PAGA plaintiffs who are not both "duly deputized to prosecute the same claims on the state's behalf." *Id.* at *11. The *Chalian/Cabrera* plaintiffs are not deputized to prosecute certain claims that Hyams is deputized to prosecute. *Turrieta* expressly did not address these circumstances. Olson had argued that "Turrieta settled claims she was not deputized to pursue," but the court declined to address the argument because Olson forfeited it by not raising it in the trial court. *Id.* at *6 n.7. Here, Hyams raised the argument in the district court and on appeal, so the issue is squarely presented. No. 20-55916, Dkt. 25 at 46-50; No. 21-55817, 8-ER-1878-81, 22-ER-4931, Dkt. 28 at 35-40.

**B.    *Turrieta* Does Not Impact Intervention Where, as Here, the Proposed Intervenor Has the Power to Prosecute Claims that the Non-Deputized Plaintiff Lacks Power to Prosecute**

Appellees will likely argue that *Turrieta* precludes intervention here, relying on language in the decision that Olson "cannot establish a cognizable interest to support intervention . . . based on his asserted authority, as the state's proxy or agent, to assert any state right to intervene." 2024 WL 3611975, at *18. But *Turrieta*'s analysis turned on

4

the overlapping nature of the claims and thus does not impact Hyams's PAGA arguments.

In considering whether Olson had the right to intervene, the California Supreme Court noted that PAGA does not expressly permit intervention in another PAGA action. *Id.* at *9. This was not determinative, however, because a "general grant of power" includes the right to engage in actions that are "reasonably necessary to a proper exercise of the power." *Id.* at *9 (citation omitted). Thus, for example, a PAGA plaintiff with the power to commence a PAGA action has the power to prosecute it even though the statute does not expressly authorize prosecution. *Id.* at *10.

The court then considered whether intervention "would further the Legislature's objectives in authorizing an aggrieved employee to commence and prosecute a PAGA action." *Id.* at *10. The court focused on the fact that PAGA deputizes aggrieved employees to enforce the State's interest in punishing and deterring violations of the California Labor Code, and determined that "Turrieta's PAGA action serves these statutory purposes." *Id.*

5

The court ultimately concluded that a "textual analysis is not dispositive," so it also considered the broader statutory scheme. *Id.* at *11. Addressing PAGA plaintiffs in separate actions who both have "been duly deputized to prosecute the *same claims* on the state's behalf," the court rejected the arguments that PAGA plaintiffs should be permitted to intervene to "have a formal oversight role." *Id.* at *11-14 (emphasis added). The court reasoned that the trial courts and the Labor and Workforce Development Agency ("LWDA") have sufficient oversight responsibilities. *Id.* at *13-14. Thus, under *Turrieta*, duly deputized PAGA plaintiffs cannot intervene to provide oversight in another PAGA action with the same claims.

It is an entirely different question whether intervention is proper where, as here, the proposed intervenor is the *only* person "duly deputized to prosecute" certain claims and moves to intervene to exercise that power which the settling plaintiff lacks. *Id.* at *11. The California Supreme Court expressly did not address this issue. *Id.* at *6 n.7.[2]

---

[2] *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022), also did not address this issue. *Id.* at 1021-22. Thus, the

6

Hyams explained in his briefs that, under the explicit language of the statute, PAGA plaintiffs have the power to prosecute only those claims specified in their PAGA notices. No. 20-55916, Dkt. 25 at 46-50; Dkt. 57 at 14-16; No. 21-55817, Dkt. 28 at 35-39; Dkt. 57 at 20-21. "[A]ggrieved employees *must*, before filing a PAGA action in court, give written notice of any alleged Labor Code violations to both their employer and the LWDA, and the notice must describe the facts and theories supporting the alleged violations." *Turrieta*, 2024 WL 3611975, at *5 (citing former Cal. Lab. Code § 2699.3(a)(1)(A))[3] (emphasis added). These notice requirements are "a condition of suit." *Williams v. Superior Court*, 3 Cal. 5th 531, 545 (2017).

Hyams also explained that a plaintiff without the power to prosecute a claim necessarily lacks the power to settle it. No. 21-55817, Dkt. 28 at 39-40, 43-44 & Dkt. 57 at 20-21 (citing, *inter alia*, *Uribe v. Crown Building Maintenance Co.*, 70 Cal.App.5th 986 (Ct. App. 2021));

---

California Supreme Court's comments about *Callahan* do not impact this case. 2024 WL 3611975, at *21 n.27.

[3] The California Legislature recently enacted amendments to PAGA, but they are not at issue here. *Turrieta*, 2024 WL 3611975, *4 n.3.

7

*see also* No. 20-55916, Dkt. 25 at 46-50. Nothing in *Turrieta* changes that analysis. The California Supreme Court found *Uribe* distinguishable and "express[ed] no view regarding the correctness of its holding." 2024 WL 3611975, at *20 n.26.

Given that a plaintiff who fails to specify claims in the PAGA notice lacks the power to prosecute or settle those claims, it "would further the Legislature's objectives," *id.* at *10, to permit intervention by a duly deputized PAGA plaintiff who *does* have that power because it would ensure labor law enforcement as prescribed by the statute. Further, it would prevent non-deputized plaintiffs from exceeding the scope of authority PAGA confers on deputized plaintiffs with its clear and unambiguous statutory language, and from circumventing the LWDA's oversight power by pursuing unnoticed claims.

Also, if PAGA plaintiffs intervene to prosecute claims that they alone are deputized to prosecute, none of the concerns raised in *Turrieta* are present. For example, the California Supreme Court expressed concern about which plaintiff would control the litigation, *id.* at *15, but there is no such concern if the intervenors control the PAGA claims that they alone are deputized to prosecute and if the plaintiffs control those

8

claims they are deputized to enforce. The intervenors would not have an "oversight" role over the overlapping claims because they would be authorized to prosecute only the non-overlapping claims as the sole party deputized to enforce them. *Id.* at *11. Because of the clear separation of roles, intervention would not make litigation "more difficult." *Id.* at *15.

Here, the *Chalian/Cabrera* plaintiffs were not deputized to prosecute or settle the sick-days-notice, rest-day, and pharmacy-maximum-work claims. First, they did not provide notice to the LWDA of the "specific provisions" of the California Labor Code that CVS allegedly violated, which Hyams specified in his PAGA notice (§§ 246(i), 246.5, 551-52, and 850-51). Cal. Lab. Code § 2699.3(a)(1)(A) (PAGA notice requirements); *see* No. 21-55817, 17-ER-3892-98, 3905-12 (Cabrera's PAGA and amended PAGA notices)[4]; 22-ER-4887-94 (Hyams's PAGA notice).

Second, the *Chalian/Cabrera* plaintiffs did not provide notice of the "facts and theories" underlying the sick-days-notice, rest-day, and

---

[4] Chalian did not submit a PAGA notice and alleged only class claims. No. 21-55817, Dkt. 28 at 14-15.

9

pharmacy-maximum-work claims. Former Cal. Lab. Code § 2699.3(a)(1)(A). Their PAGA notices mentioned no facts supporting the sick-days-notice or rest-day claims. And while the notices discussed *off-the-clock* work causing minimum wage and overtime violations in the context of training, they did not mention *on-the-clock* overtime work in violation of the pharmacy-maximum-work statutes specifically enacted to protect patient and consumer safety as it pertains to the sale of drugs and medicine. No. 21-55817, 17-ER-3892-98, 3905-12; Dkt. 57 at 22, 28-29.

Specifically, the *Chalian/Cabrera* cases were focused on unpaid, off-the-clock work stemming from training modules that employees were required to complete. No. 21-55817, 17-ER-3892-98, 3905-12; Dkt. 57 at 22, 28-29. In contrast, the pharmacy-maximum-work and rest-day claims litigated in *Hyams* focused on CVS's scheduling of employee shifts longer than the maximum days and hours permitted by law to protect employees from exhaustion which could lead to errors and endanger patient and consumer health. *Id.*; *see also* No. 21-55817, 7-ER-1441; 8-ER-1703; 9-ER-1920, 1992-93, 2106-34. California Labor Code sections 850 and 851 were "enacted as a measure for the protection of

10

the public health," and prohibit employees who "sell at retail drugs and medicines" from working (or being required to work) "more than an average of nine hours per day, or more than 108 hours in any two consecutive weeks or for more than 12 days in any two consecutive weeks." Cal. Lab. Code §§ 850-51, 855. Hyams was the only party to file a notice with the LWDA regarding Labor Code sections 850 and 851 and therefore the only deputized plaintiff with the authority to settle those claims.

In sum, while *Turrieta* appears to preclude Hyams from intervening to prosecute the PAGA claims in his proposed complaint in intervention that are duplicative of the claims properly noticed to the LWDA in the *Chalian/Cabrera* cases, it does not preclude him from intervening to pursue the claims to protect employees and public health that he alone has been deputized to prosecute. *See* No. 20-55916, 8-ER-1680-81, 1683-1723 (proposed complaint in intervention). Hyams's intervention would further the Legislature's objectives to increase labor law enforcement and protect public health, because the *Chalian/Cabrera* plaintiffs lack the power to settle the sick-days-notice, rest-day, and pharmacy-maximum-work claims that they were never

11

deputized to enforce and—because they never contemplated those claims—that they never investigated, litigated or valued.

Accordingly, for the reasons explained above and in appellants' briefs, the Court should conclude that Hyams has the right to intervene to prosecute the sick-days-notice, rest-days, and pharmacy-maximum-work claims.

### C. *Turrieta* Does Not Impact Hyams's Objections to the Settlement and Right to Appeal the PAGA Settlement

The California Supreme Court rejected Olson's argument that he had the right to object to the PAGA settlement in Turrieta's case, or to move to vacate the judgment and appeal, "for essentially the same reasons" that it rejected Olson's intervention arguments. 2024 WL 3611975, at *22-24. Again, the court focused on PAGA plaintiffs with "overlapping" or "the same" or "identical" claims. *Id.* at *22-23.

For the reasons discussed above, the court's analysis does not control here. The analysis is different because the *Chalian/Cabrera* plaintiffs lack the power to prosecute or settle claims that Hyams alone has the power to prosecute and settle.

Even if this Court were to conclude that *Turrieta* governs, *Turrieta* held only that a PAGA plaintiff with the same overlapping

12

claims that another plaintiff is properly deputized to enforce has no *right* to object. *Id.* at *23. A trial court still has *discretion* to consider objections. *Id.* at *24-25. Here, the district court exercised its discretion to consider Hyams's objections. No. 21-55817, 1-ER-52. Appellate review of that decision is critical, because the district court erroneously concluded that the *Chalian/Cabrera* plaintiffs could settle claims that they lacked the power to prosecute, and never investigated, litigated or valued. 1-ER-52-53. Hyams has "the power to use the ordinary tools of civil litigation incident to the power to prosecute," 2024 WL 3611975, at *10, including settlement, but the *Chalian/Cabrera* plaintiffs lack that power.

Finally, nothing in *Turrieta* changes the analysis as to Hyams's right to appeal the district court's approval of the PAGA settlement, whether as an intervenor or nonparty. For the reasons stated in his reply brief, Hyams may appeal as an intervenor, or as a nonparty because there are "exceptional circumstances" to warrant an appeal, including that he is the only deputized PAGA plaintiff and it is inequitable for the State and its proxy to be bound by a settlement between parties interested in disposing of claims—which had never

13

been contemplated—for little to no value without an avenue to appeal. No. 21-55817, Dkt. 57 at 11-15 (discussing, *inter alia*, *Saucillo v. Peck*, 25 F.4th 1118, 1129 (9th Cir. 2022)). It is difficult to imagine more exceptional circumstances than a party with no power or interest to even initiate PAGA claims to be granted the right to extinguish such claims on behalf of a large group of aggrieved employees at the expense of employee rights and health, public safety, and the deterrent goals of PAGA.

## CONCLUSION

The Court should conclude that *Turrieta* does not impact this case, and should reverse the order denying intervention and the judgment approving the settlement.

Dated: August 28, 2024               Law Office of Jocelyn Sperling

<u>/s/ Jocelyn Sperling</u>
Jocelyn Sperling

*Counsel for Appellants*