Case Nos. 20-55916 and 21-55817

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————————

SEVAG CHALIAN, et al.,
*Plaintiffs-Appellees,*
*v.*
RYAN HYAMS; REGINE DUHON,
*Proposed Intervenors,*
*Movants-Appellants.,*

TRENT ANDREWS; CYNTHIA
CARDENAS; VICTORIA COSIO;
ELIZABETH GARCIA; RYAN HYAMS,
*Objectors-Appellants,*

*v.*

CVS PHARMACY, INC., *et al.*,
*Defendants-Appellees.*

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
U.S.D.C. No. 2:16-CV-08979
HONORABLE ANDRÉ BIROTTE JR.

————————————

**PLAINTIFFS-APPELLEES' SUPPLEMENTAL BRIEF**

————————————

Michael S. Morrison
(State Bar No. 205320)
**ALEXANDER MORRISON
+ FEHR**
1900 Avenue of the Stars,
Suite 900
Los Angeles, CA 90067
T: (310)394-0888
mmorrison@amfllp.com
*Attorneys for Appellees
Sevag Chalian, et al.*

Michael H. Boyamian
(State Bar No. 256107)
Armand R. Kizirian
(State Bar No. 293992)
**BOYAMIAN LAW, INC.**
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203
T: (818)547-5300
michael@boyamianlaw.com,
armand@boyamianlaw.com
*Attorneys for Appellees
Sevag Chalian, et al.*

R. Craig Clark
(State Bar No. 129219)
Alicja A. Urtnowski
(State Bar No. 321215)
**CLARK LAW GROUP**
3258 Fourth Avenue
San Diego, CA 92103
T: (619)239-1321
cclark@clarklawyers.com,
aurtnowski@clarklawyers.com
*Attorneys for Appellees
Sevag Chalian, et al.*

Thomas W. Falvey
(State Bar No. 65744)
**LAW OFFICES OF THOMAS W. FALVEY**
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203
T: (818) 547-5200
thomaswfalvey@gmail.com
*Attorneys for Appellees*
*Sevag Chalian, et al.*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TURRIETA v. LYFT DECISION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.    *TURRIETA* CONFIRMS THAT THE DISTRICT COURT
        PROPERLY DENIED HYAMS' MOTION TO INTERVENE. . . . . 11

    II.   *TURRIETA* CONFIRMS APPELLANTS HAVE NO STANDING
        TO OBJECT TO OR APPEAL THE PAGA SETTLEMENT. . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

**Page(s)**

*Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992). . . . . . . . . . . . . 17

*Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801 (N.D. Cal. March 3, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009). . . . . . 12

*Saucillo v. Peck*, 25 F.4 1118 (9th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Smith v. Marsh,* 194 F.3d 1046 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Turrieta v. Lyft, Inc.*, 69 Cal.App.5th 955 (2021) . . . . . . . . . . . . . . . . . . . . . Passim

*Villacres v. ABM Indus. Inc.*, 189 Cal.App.4th 562, 587 (2010). . . . . . . . . . . . . . 17

## STATUTES

**F.R.C.P.**
Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Rule 24(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12
Rule 24(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Rule 24(e)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Labor Code**
§ 2398, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## INTRODUCTION

This appeal arises out of a 2019 class action and PAGA Settlement between Appellees CVS Pharmacy, Sevag Chalian, and Sigfredo Cabrera. Since that time, proposed intervenors and objectors from an overlapping Private Attorneys General Action ("PAGA") case filed more than two years after *Chalian* and a year after *Cabrera* ("Hyams") have launched a scorched earth campaign to derail this Settlement. Hyams filed a motion to intervene, multiple motions to stay the case, and lengthy objections to preliminary and final approval at the District Court. The District Court denied Hyams' motions and overruled their objections after addressing each of their arguments in thoughtful, well-reasoned opinions. Hyams persisted, filing appeals with respect to their failed motion to intervene and their objections to the PAGA and class settlements. The result of these efforts is that the State of California, the Aggrieved Employees, and Class Members have not received a single settlement payment to date—a result clearly antithetical to PAGA's deterrent purpose.

In January 2023, this Court stayed the appeals pending the California Supreme Court's decision in *Turrieta v. Lyft*. That decision has now come down. *Turrieta* firmly establishes that the District Court did not err when it denied Hyams' motion to intervene. The authority to "commence" a civil action does not confer intervention rights for a state's proxy in a competing PAGA action, nor

does it allow a competing proxy to vacate a settlement for appellate standing purposes or to require a civil court to receive objections to a PAGA settlement. *Turrieta v. Lyft*, 2024 WL 3611975, at *25 (2024). Because intervention was properly denied, Hyams, a nonparty, lacks standing to appeal the PAGA judgment entered in this case. *Saucillo v. Peck*, 25 F.4th 1118, 1126-29 (9th Cir. 2022). Accordingly, the PAGA appeal must be dismissed.

Exceptional circumstances do not exist that justify departing from the rule only parties can appeal a judgment. *Turrieta* clarifies there is nothing "exceptional" about overlapping PAGA cases, including PAGA settlements that resolve unexhausted claims arising from the same set of operative facts. If appellate standing were conferred each time a competing state proxy is unhappy with a PAGA settlement, the Ninth Circuit would be inundated with PAGA appeals.

Hyams argues below and on appeal that the balance of equities favors their position because the deterrent purposes of the PAGA are best achieved when rival proxies for the state are allowed to intervene and appeal PAGA settlements. *Turrieta* rejects this analysis, holding that the courts and the LWDA are the arbiters of whether PAGA settlements are fair—not self-interested, competing PAGA plaintiffs. Further, *Turrieta* holds that allowing competing PAGA plaintiffs to intervene or object to settlements runs contrary to the Act's statutory language,

scheme, and legislative intent, and may in fact undermine the deterrent purposes of the PAGA. *Turrieta*, 2024 WL 3611975 at *17-18.

This case perfectly illustrates this point. Below, Hyams argued their case was not related to *Chalian* or *Cabrera*. They made no effort, unlike Chalian and Cabrera, to coordinate their cases, to work cooperatively, or to contact *Chalian/Cabrera* counsel. It was only when a Settlement was reached in *Chalian/Cabrera* that their onslaught of intervention, objection, and obstruction in the cases began. SA Dkt.# 40, pp. 24-25.[1] To date, no settlement funds have been distributed, and the extensive litigation has not increased settlement shares. It has achieved nothing except to delay resolution of this case by years.

What is left once the PAGA appeal is dismissed are Hyams' half-hearted objections to the class portion of the Settlement. These objections should be readily overruled given the fair, reasonable and hard-earned Settlement. The Settlement's terms were given due consideration in light of the difficulties of certifying a class, the presence of arbitration agreements, the facially-lawful written policies, and other issues discussed at length in the Parties' briefing and in the District Court's extensive and comprehensive ruling and Order approving the Settlement.

The time has come to end these appeals and to let the State, the Aggrieved

---

[1] The term "SA Dkt." refers to the Docket for the appeal of the District Court's order approving the Settlement – Case No. 21-55817. The term "I Dkt." Refers to the Docket for the appeal of the District Court's order denying intervention – Case No. 20-55916.

Employees, and the Class Members receive their shares of the Settlement. This Court should affirm the denial of the motion to intervene and affirm the approval of the class action and PAGA Settlement.

## TURRIETA v. LYFT DECISION

*Turrieta v. Lyft* involves "a common scenario in PAGA litigation: multiple persons claiming to be an 'aggrieved employee' within the meaning of PAGA file separate and independent lawsuits seeking recovery of civil penalties from the same employer for the same alleged Labor Code violations." *Turrieta*, 2024 WL 3611975 at *1. In that case, three former drivers for Lyft filed separate PAGA actions seeking civil penalties for various wage and hour violations. When Lyft settled with one of the three drivers – Turrieta – the other two (Olson and Seifu) filed separate motions to intervene and submitted objections. The trial court denied the motions, approved the settlement, and later denied the motions to vacate the settlement. *Id.*

The Court of Appeal affirmed, finding the motions for intervention were properly denied and proposed intervenors Olson and Seifu lacked standing to vacate the judgment or challenge the judgment on appeal. *Id.* A petition for review was filed, which was granted on the following issue: Does a plaintiff in a representative action filed under the Private Attorneys General Act (Lab. Code, § 2698, et seq.) (PAGA) have the right to intervene, object to, or move to vacate a

judgment in a related action that purports to settle the claims that the plaintiff has brought on behalf of the State? *Turrieta v. Lyft*, 502 P.3d 3 (2022).

The California Supreme Court affirmed the appellate court's ruling and held that the PAGA statute does not confer on the state's proxy the right to intervene in an overlapping PAGA action or to vacate the judgment, nor does it require the trial court to consider objections to a proposed settlement in an overlapping case. *Turrieta*, 2024 WL 3611975 at *1, *18, *25.

With respect to intervention, the Court held that intervention is neither reasonably necessary to effectuate PAGA's purpose nor consistent with its legislative intent. *Id.* at *9-19. The Court first noted that there was nothing in PAGA's statutory text expressly permitting intervention. *Id.* at *9. It further held that intervention rights were not implied by the statutory language since the "power to commence a PAGA action" only implicates the right to "prosecute" an action through the ordinary tools of civil litigation, e.g., serving a summons and complaint, taking discovery, filing motions, attending trial, and presenting evidence. *Id.* at *10.

Indeed, the Court observed that the legislative history expressly addressed the issue of oversight and left this power exclusively to the courts and the LWDA. *Id.* at *13-14. The Court further explained that allowing PAGA plaintiffs to intervene in overlapping PAGA actions would make PAGA litigation more

difficult. *Id.* at *15. Specifically, permitting intervention would raise complex issues of which plaintiff controls the litigation and settlement process, as well as who is entitled to attorneys' fees. The Court also recognized the personal and financial interests of PAGA plaintiffs and their counsel—but not courts—to disrupt PAGA settlements and delay payment to the state and aggrieved employees. *Id.* at *17.

Following this reasoning, the Court held "we conclude that the scope of an aggrieved employee's authority to commence and prosecute a PAGA action on the state's behalf does not include the authority to move to vacate the judgment obtained by *another* PAGA plaintiff on the state's behalf in a separate PAGA action." *Id.* at *22 (emphasis in original). The Court further ruled that a PAGA representative in a separate action has no right to appeal a judgment, or to require a court to consider objections from a nonparty proxy of the state. *Id.* at *22-24.

## ARGUMENT

### I. *TURRIETA* CONFIRMS THAT THE DISTRICT COURT PROPERLY DENIED HYAMS' MOTION TO INTERVENE.

In denying intervention, the District Court first determined that Hyams failed to meet the threshold requirement for intervention as a matter of right under Fed. R. Civ. Proc. R. 24(a)(2). The District Court held that Hyams "do not have a significant protectable interest in the PAGA claims because an aggrieved employee

can only pursue those claims as a proxy for the state." I Dkt.# 26, pp. 4-5.

Both below and on appeal, Hyams argued that they possessed a protectable interest in the *Chalian/Cabrera* litigation by virtue of their status as proxies for the State of California. I Dkt.# 25, pp. 45-53. *Turrieta* conclusively rejects this position, holding that a plaintiff's status as a proxy for the State of California to commence and prosecute a PAGA action does not create a cognizable interest supporting a right of intervention. *Turrieta*, 2024 WL 3611975 at *18. This is true even if Hyams are correct that they are the sole proxies as to a handful of the PAGA claims, a claim which Appellees dispute. In *Turrieta*, proposed intervenor Olson argued—as Hyams argues here[2]—that the state's intervention rights were particularly strong because Turrieta settled claims she was never deputized to pursue. While the California Supreme Court declined to address whether a party can settle PAGA claims they were not authorized to pursue (*Id.* at *fn. 7), there is nothing in the analysis even remotely suggesting that this fact would alter the Court's analysis on the intervention issue, given its blanket holding the power to commence a PAGA action does not confer intervention rights in overlapping cases. Oversight of PAGA settlements is the sole province of the LWDA and the courts— not of competing PAGA plaintiffs.

Moreover, like the proposed intervenors in *Turrieta* (*Id.* at *fn. 6), Hyams

---

[2] I Dkt.# 25, pp. 46-50.

failed to argue below or on appeal that they had a "personal interest" in the *Chalian/Cabrera* PAGA case. Rather, their argument is entirely premised on their status as proxies for the State of California. Thus, Hyams is precluded from arguing now that they have some sort of personal interest in the *Cabrera/Chalian* litigation. *See Smith v. Marsh*, 194 F.3d 1046, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived"). The District Court correctly ruled that Hyams did not have a cognizable interest for purposes of intervention. The lack of a cognizable interest ends the analysis of intervention as a matter of right. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (An applicant's "[f]ailure to satisfy any one of the requirements is fatal to the application, and [a court] need not reach the remaining elements if one of the elements is not satisfied.").

*Turrieta* supports the denial of intervention—both mandatory and permissive—for additional reasons. *Turrieta* rejected the proposed intervenors' argument (which mirrors Hyams' arguments in this appeal)[3] that review of settlements by courts and the LWDA are insufficient to protect the state's interests. *Turrieta*, 2024 WL 3611975 at *12-15. Consequently, Hyams cannot establish that disposition of the case without intervention would impair or impede their interests, which is one of the intervention factors. Fed. R. Civ. Proc. R. 24(a)(2). This is

---

[3] *See* I Dkt.# 57-1, pp. 27-30.

especially true here where: the Chalian/Cabrera plaintiffs provided a copy of the Settlement to the LWDA; Hyams also alerted the LWDA to this Settlement; and Hyams had their objections received, considered, and ruled upon by the District Court. SA Dkt.# 25-2, pp. 3-58; SA Dkt.# 25-10, pp. 1995-1996; SA Dkt.# 40, p. 25. *Turrieta*—like the District Court below[4]—recognizes these avenues (e.g., notice to the LWDA and court approval) as suitable alternatives to intervention and consistent with PAGA's statutory language and scheme as well as its legislative intent. *Id.* at *19.

*Turrieta* also holds that the interests between PAGA plaintiffs in overlapping PAGA cases are the same, which directly bears on the inadequacy of the representation requirement for intervention. *Id.* at *10 (finding Turrieta had the same interest as proposed intervenors – "to vindicate the LWDA's interest in enforcing the Labor Code"). Here, the Chalian/Cabrera plaintiffs' interests are the same as Hyams'—to obtain penalties on behalf of the state for Labor Code violations. In *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022), discussed by the majority and the dissent in *Turrieta*,[5] the Ninth Circuit upheld the denial of mandatory and permissive intervention in a PAGA action based on the finding that the proposed intervenors shared the same

[4] *See* I Dkt.# 26-1, p. 6.
[5] *See Turrieta*, 2024 WL 3611975 at *29 and fn. 27.

interests as the settling party and failed to make a compelling showing of inadequacy. *Callahan*, 42 F.4th at 1021-1023. The same conclusion should be reached here given the District Court's findings there was no collusion or reverse auction and that the Settlement as a whole was fair, reasonable, and adequate. SA Dkt.# 25-2, pp. 48-51.

Finally, *Turrieta* held that allowing intervention "would create delay and complexity of an entirely different order" than would judicial approval of settlements. *Turrieta*, 2024 WL 3611975 at *17. This is consistent with the District Court's ruling that allowing intervention would prejudice the parties in a manner not justified under the circumstances by exponentially expanding the scope of the litigation and derailing the settlement.[6] *See* I Dkt.# 26-1, p. 6. *Turrieta* acknowledges the significant delay and disruption to settlements than can occur when financially self-interested PAGA plaintiffs are allowed to intervene in an overlapping PAGA action. *Turrieta*, 2024 WL 3611975 at *17-18. Here, Hyams' litigation has delayed settlement payments to Class Members and Aggrieved Employees by more than four years. *Turrieta* also recognizes that judicial and LWDA oversight of PAGA settlements—as opposed to intervention by other, self-

---

[6] While Hyams dispute the District Court ruled they failed to satisfy the timeliness requirement for mandatory intervention, they cannot dispute that prejudice is part of the timeliness analysis (*See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015)) as well as one of the discretionary factors for permissive intervention (*See* Fed R. Civ. Proc. R. 24(b)(3) and therefore a proper basis upon which to deny intervention.

interested PAGA plaintiffs—is consistent with the deterrent purposes of the PAGA statute and its legislative intent. *Id.* at *17-18. Consequently, Appellants cannot demonstrate that the District Court abused its discretion in finding there were less disruptive means to protect Appellants' interests. I Dkt.# 26-1, p. 6. *Turrieta* conclusively establishes that Appellants' motion to intervene was properly denied.[7]

## II. *TURRIETA* CONFIRMS APPELLANTS HAVE NO STANDING TO OBJECT TO OR APPEAL THE PAGA SETTLEMENT.

Relying on *Saucillo v. Peck*, 25 F.4th 1118, 1126-29 (9th Cir. 2022), Chalian and CVS argued that Hyams lacked standing to appeal the PAGA portion of the judgment as nonparties.[8] Hyams disagreed, arguing they had standing to appeal because they sought intervention below and "exceptional circumstances" exist warranting an appeal. SA Dkt.# 57, pp.11-17. *Turrieta* disposes of any such argument supporting a right of intervention. Because Hyams' motion to intervene was properly denied, "[they have] no right [as nonparties] to appeal the district court's approval of the PAGA Settlement." *Callahan*, 42 F.4th at 1023, *citing Saucillo*, 25 F.4th at 1128.

Nor do "exceptional circumstances" exist that would permit appellate standing. Hyams argues the "equities weigh in favor of hearing the Hyams' PAGA

---

[7] Hyams did not argue on appeal that intervention is appropriate as to the class action claims based on their status as putative Class Members.
[8] SA Dkt.# 40, pp. 32-33; SA Dkt.# 39-1, pp. 32-38.

appeal" under the exceptional circumstances doctrine because (a) they are the sole proxy for the State of California as to certain PAGA claims, and (b) it would be inequitable for the state or its proxy to be bound by a judgment they cannot appeal. SA Dkt.# 57, pp. 11-15. *Turrieta* squarely rejects both arguments. As with the denial of intervention rights, *Turrieta* concludes that nothing in the text of the statute, statutory scheme, or legislative history suggests the Legislature understood or intended an aggrieved employee's authority to commence an action to include the power to vacate a judgment in order to gain appellate standing. *Id.* at *22. As such, *Turrieta* does not support the conclusion that a denial of appellate rights for PAGA plaintiffs in overlapping cases would be "inequitable" or contrary to the deterrent purposes of the PAGA. On the contrary, *Turrieta* discusses at length the potential harms that could result if overlapping, self-interested PAGA plaintiffs were granted intervention, objection, or appellate rights by virtue of their status as proxies of the state. *Id.* at *17-18.

There is also nothing "exceptional" about the facts of this case that warrants an exception to ordinary rules of appellate standing. *Turrieta* recognizes that it is a "common scenario" for multiple aggrieved employees to seek civil penalties in competing PAGA actions. *Id.* at *1. The PAGA permits such a result given the absence of any statutory first to file rule as seen in other qui tam statutes. *Id.* at *16, 25. Similarly, the District Court below noted that it was "unremarkable" that

the Settlement in this case included additional, previously unexhausted PAGA claims that arose from the same operative facts as those previously plead, citing to *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992), *Villacres v. ABM Indus.*, 189 Cal.App.4th 562, 587 (2010), and *Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801, at *16 (N.D. Cal. Mar. 3, 2020). SA Dkt.# 25-2, pp. 49, 52-53. Indeed, *Turrieta*, *Callahan*, and *Harvey* all concern plaintiffs in competing PAGA actions that objected to the inclusion of previously unexhausted PAGA claims to the settlements. No "exceptional circumstances" exist whenever there are "objectors" from overlapping PAGA cases or wherever a PAGA settlement includes previously unexhausted claims arising from the same operative facts. On the contrary, such "common scenarios" are the norm in PAGA cases. Holding otherwise would swallow the rule that only parties can appeal judgments and flood the Ninth Circuit with PAGA appeals.

Regarding any concern that certain PAGA settlement issues will forever evade appellate review if the exceptional circumstances doctrine is not invoked, it should be noted that *Turrieta* does not preclude the LWDA from objecting to a PAGA settlement or appealing an adverse judgment. The majority declined to rule on the LWDA's authority in this regard because it was unnecessary to resolve the issue before it. *Id.* at *fn. 29. The concurrence and dissent both assume the LWDA possesses the power to participate in private litigation brought by a private party in

a PAGA action. *Id.* at *25-27. In short, because there is nothing preventing the real party in interest LWDA from objecting to a PAGA settlement or appealing a judgment, there is no need to invoke the exceptional circumstances doctrine.

Hyams also argues that they have standing to object to the PAGA settlement based on their status as state proxies. SA Dkt.# 57, p. 18. *Turrieta* explicitly rejects this also. *Id.* at *23 (finding a right to object does not follow from the authority to commence a civil action under the PAGA). There is also no Federal Rule of Civil Procedure that creates standing for PAGA objectors similar to Rule 23 and objectors to class action settlements. *See* Fed. R. Civ. Proc. R. 24(e)(5).

Without standing to object and as a nonparty, Hyams lacks standing to appeal the PAGA portion of the judgment. This Court therefore cannot rule on Hyams' objections to the PAGA settlement, including the objections that the LWDA did not receive pre-suit notice of certain PAGA claims being released. Hyams' appeal of the PAGA portion of the judgment must be dismissed.

Hyams also cannot demonstrate the District Court abused its discretion in approving the class action portion of the Settlement. The District Court carefully examined whether the Settlement was the result of collusion or a reverse auction in its analysis of each of the *In re Bluetooth* factors. SA Dkt.# 25-2, pp. 48-51. It also considered each of Hyams' arguments regarding the merits of the Settlement and rejected them for sound reasons that comport with case law from this Circuit. *Id.* at

pp. 3-58. Indeed, this is a case where: (1) federal courts in this state have denied certification of the same or similar claims, including prior class action cases brought on behalf of CVS California pharmacists; (2) almost all of the Class Members signed arbitration agreements; (3) the violation rate for meal periods as calculated by Hyams' own expert is miniscule; (4) CVS had facially lawful written policies; and (5) there was extreme variation in Class Member testimony when it came to the ability to take meal and rest periods, among other issues.[9] The Settlement should therefore be approved.

## CONCLUSION

*Turrieta* effectively closes the door on Hyams' appeals. *Turrieta* confirms the District Court properly denied Hyams' motion to intervene because they did not have a cognizable interest in the *Chalian/Cabrera* litigation. Without intervention rights, Hyams lack appellate standing to challenge any aspect of the PAGA Settlement and it should therefore be approved. Moreover, the District Court carefully considered Hyams' objections to the Class portion of the Settlement and overruled them. For the reasons set forth in Appellees' Answering Briefs, Hyams' arguments do not demonstrate that the District Court abused its discretion in approving the Settlement. Therefore, the District Court's rulings below should be affirmed.

---

[9] *See* SA Dkt.# 40, pp. 52-69 for summary of arguments and citations.

Date: August 28, 2024

Respectfully submitted,
ALEXANDER MORRISON + FEHR LLP
THE CLARK LAW GROUP
BOYAMIAN LAW, INC.

/s/ Michael Morrison
Michael Morrison
R. Craig Clark
Alicja Urtnowski
Michael H. Boyamian
Armand R. Kizirian
*Attorneys for Appellees Sevag Chalian, et al.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 28, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: August 28, 2024          ALEXANDER MORRISON + FEHR
BOYAMIAN LAW, INC.
CLARK LAW GROUP
LAW OFFICES OF THOMAS W. FALVEY


 /s/ Michael Morrison
Michael Morrison
Michael H. Boyamian
Armand R. Kizirian
R. Craig Clark
Alicja Urtnowski
Thomas W. Falvey
*Attorneys for Plaintiffs-Appellees*